UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

IN RE:

JOSEPH WILSON,                                                    CH. 7

                                                                  Case No. 24-36204-kyp
                    Debtor.
_____X

MICHELLE R. ABRAMSON, ESQ.,

                    Plaintiff,                                    Adv. Proc. No. 24 -_____ kyp

         v.

JOSEPH WILSON,

                    Debtor.
_____X

## COMPLAINT FOR DECLARATION THAT THE DEBTOR'S LIABILITY TO MICHELLE R. ABRAMSON IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. SECTIONS 532(a)(5) and (15)

Plaintiff, MICHELLE R. ABRAMSON ("**Plaintiff**"), pro se, as and for her Complaint declaring the obligation owed to her by JOSEPH WILSON (the "Debtor" or the "**Defendant**") to be non-dischargeable pursuant to 11 U.S.C. Sections 523 (a)(5) and (15) and alleges the following:

### PRELIMINARY STATEMENT

1.      By this action, Plaintiff seeks a judgment determining that Defendant's debt to Plaintiff arising from the prepetition divorce action is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and (15).

### JURISDICTION AND VENUE

2.      This adversary proceeding (the "**Adversary Proceeding**") is brought under 11 U.S.C. §§105 and 523 (a)(5) and (15) and Federal Rules of Bankruptcy Procedure 4007 and 7001(d), 7001(f)

and 7001(i).

3.  Jurisdiction to is vested in this Court pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding as designated by 28 U.S.C. § 157(b)(2)(I).

4.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

5.  The Plaintiff is an individual who resides in Dutchess County with a mailing address at 72 Beaver Road, New York 12540.

6.  Upon information and belief, the Debtor is an individual who resides at 30 Doe Road, Saugerties, NY 12477

## STATEMENT OF FACTS

7.  The Debtor and Sophia Karellas-Wilson (the "**Divorce Defendant**") are married and are parties to a divorce proceeding pending in the Supreme Court of the State of New York, Orange County, captioned *JOSEPH M. WILSON v. SOPHIA P. KARELLAS-WILSON*, Index No. EF005461-2021 (the "**Divorce Proceeding**") Plaintiff is counsel of record for the Divorce Defendant in the pending Divorce Proceeding.

8.  On August 18, 2023, Plaintiff filed an Order to Show Cause for Pendente Lite Relief on behalf of the Divorce Defendant in the pending Divorce Proceeding. On September 28, 2023, the Honorable Elena Goldberg Velazquez, JSC, ("**Judge Velazquez**") signed a Decision and Order ("**Order Granting Fees**") granting an award of Twenty Thousand Dollars ($20,000.00) to be paid to Plaintiff by the Debtor on or before October 31st, 2023. A copy of the Order Granting Fees is attached as Exhibit "A." The Debtor has not paid Plaintiff any sums in compliance with the Order Granting Fees to date.

9.  Plaintiff filed an Order to Show Cause for Contempt on November 20, 2024

("**Contempt Motion**") on behalf of the Divorce Defendant alleging the Debtor's willful failure to comply with several prior Orders of the Court in the Divorce Proceeding, including the Order Granting Fees payable to Plaintiff and the February 15, 2023, Order of Child Support payable to the Divorce Defendant. A pretrial conference was attended by all parties and counsel in the Divorce Proceeding before Judge Velazquez on November 21st, 2024. Judge Velazquez verbally directed the Debtor to file his opposition papers to the Contempt Motion on or before December 12th, 2024. The Debtor filed his Chapter 7 Petition for Bankruptcy with this court on December 11, 2024.

10. Thereafter, the parties and counsel in the Divorce Proceeding appeared before their newly assigned Judge, the Honorable Kyle C. McGovern, J.S.C. ("**Judge McGovern**") for a conference on January 29, 2025, to address the automatic stay of the action pursuant to 11 U.S.C. Section 362 based upon the debtor filing for Chapter 7 bankruptcy on December 11, 2024. The debtor's counsel in the Divorce Proceeding sought a ruling that the Contempt Motion was automatically stayed by the stay of the action pursuant to 11 USC Section 362 as a result of the Debtor's bankruptcy filing. Plaintiff and Debtor's counsel were directed by Judge McGovern to provide correspondence to the court in support of their respective client's positions regarding the applicability of the bankruptcy stay to the Contempt proceedings pending before the court. The parties and counsel appeared before Judge McGovern on February 20th, 2025, for a compliance conference. Judge McGovern, having received the requested correspondence from counsel, issued a ruling from the bench denying Debtor's argument that the automatic stay of the action pursuant to 11 USC Section 362 applied to the Contempt Motion regarding the debtor's failure to pay child support in accord with the court's Order's and the Order Granting Fees payable directly to Plaintiff. Counsel's correspondence to the court in support of Divorce Defendant's position and the So Ordered transcript from those proceedings are attached hereto as Exhibit "B." Judge McGovern

3

further issued a compliance conference Order on February 20th, 2025, requiring counsel for the debtor in the Divorce Proceedings to submit opposition to Divorce Defendant's Motion for Contempt on or before February 28, 2025.

11. On February 25th, 2025, counsel for the debtor in the Divorce Proceedings filed a Notice of Appeal, Informational Statement and Order to Show Cause with the Supreme Court of the State of New York, Appellate Division, Second Department. The debtor's Order to Show Cause argued that Judge McGovern erred in refusing to grant the stay of the Divorce defendant's contempt application and proceedings requested by the debtor pursuant to 11 U.S.C. Section 362. Plaintiff spoke with Brian Kennedy, Associate Deputy Clerk, Appellate Division, Second Department on February 25th, 2025, and argued on behalf of the Divorce Defendant's position in the matter. Plaintiff argued that under 11 U.S.C. Sections 523 (a)(5) and (15), the pending Motion for Contempt for enforcement of child support and the Order for Fees were both in the nature of a domestic support obligation as defined by Section 101(14A) of the Bankruptcy Code and thus exempt from the automatic stay pursuant to 11 U.S.C. Section 362. Plaintiff further cited several cases supporting the position that attorney's fees granted to the attorney for the less monied spouse in a matrimonial action which fees were generated in providing representation regarding support are in the nature of support, qualify as a domestic support obligation and are thus exempt from the automatic stay pursuant to 11 U.S.C. Section 362. The Appellate Division declined the Debtor's Order to Show Cause on February 25th. The debtor's counsel then filed an amended Order to Show Cause, which was never provided to the plaintiff herein. Plaintiff spoke with Brian Kennedy a second time, offered further case law in support of Divorce Defendant's position, and the Appellate Division declined the Debtor's second Order to Show Cause on February 28th, 2025. The Notice of Appeal, Informational Statement and Order to Show Cause, Affirmation in Support and the 2

Orders to Show Cause which were declined are annexed hereto as Exhibit "C."

12. The Debtor filed his response to Divorce Defendant's Motion for Contempt and filed a Cross Motion seeking, in part, an automatic stay of the contempt proceedings pursuant to 11 U.S.C. Section 362 on February 28th, 2025. At proceedings held on March 14th, 2025, Judge McGovern denied that branch of Debtors Cross Motion seeking an automatic stay and scheduled an evidentiary hearing regarding the contempt proceedings on May 9th, 2025.

### FIRST CLAIM FOR RELIEF NON-DISCHARGEABILITY UNDER 11 U.S.C. §523 (a)(5) THE DEBT IS A DOMESTIC SUPPORT OBLIGATION

13. Plaintiff repeats and re-alleges each and every allegation contained in the preceding Paragraphs "1" through "12" as if fully set forth at length herein.

14. It is widely held that attorney's fees granted to the attorney for the less monied spouse in a matrimonial action which fees were generated in providing representation regarding child support and maintenance are in the nature of support and qualify as a domestic support obligation. The Order granting fees owed by the Debtor to the Plaintiff is a "domestic support obligation" as defined in Section 101(14A) of the Bankruptcy Code.

15. By reason of the foregoing, Plaintiff is entitled to judgment determining that the Order granting Fees due and owing from Debtor to Plaintiff is non-dischargeable under 11 U.S.C. §523(a)(5) which excludes "domestic support obligations" from discharge and §1328 which excepts debts that are non-dischargeable under §523 from discharge.

### SECOND CLAIM FOR RELIEF NON-DISCHARGEABILITY UNDER 11 U.S.C. §523 (a)(15) THE DEBT IS IN CONNECTION WITH A DIVORCE PROCEEDING

16. Plaintiff repeats and re-alleges each and every allegation contained in preceding Paragraphs "1" through "15" as if fully set forth at length herein.

17. The Debtor's obligation to the Plaintiff, the attorney for his spouse, was incurred by

5

the Debtor in the course of the Divorce Proceeding and/or a separation agreement, divorce decree or other order of a court of record.

18. As a result of the foregoing, and to the extent that the obligation is not a domestic support obligation, the debt is non-dischargeable under 11 U.S.C. §523(a)(l5).

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff, Michelle R. Abramson, respectfully requests that this Court enter judgment in her favor and against the Debtor, Joseph Wilson, determining that the Attorneys Feed owed by the Debtor in the amount of $20,000 as set forth in the Order Granting Fees entered in the Divorce Proceeding are non-dischargeable under 11 U.S.C. §§ 523(a)(5) or (a)(l5), because it is:

(a) for a domestic support obligation; and/or

(b) incurred in the course of a divorce

together with such other and further relief as this Court deems just and proper.

Dated: Lagrangeville, New
March 14, 2025

_Michelle R. Abramson_
Michelle R. Abramson
*Plaintiff pro se*
72 Beaver Road
Lagrangeville, NY 12540
845-447-2221
michellerabramson@gmail.com