**FOR PUBLICATION**

.UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re:                                                            Chapter 7

JOSEPH WILSON                                      Case No. 24-36204 (KYP)

        Debtor.

-----------------------------------------------------------------x

MICHELLE R. ABRAMSON, ESQ.,

        Plaintiff,

    -against-                                          Adv. Pro. No. 25-09003 (KYP)

JOSEPH WILSON.

        Defendant.

-----------------------------------------------------------------x

### MEMORANDUM DECISION DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**APPEARANCES:**

MICHELLE R. ABRAMSON, ESQ.
*Pro Se Plaintiff*
72 Beaver Road
Lagrangeville, NY 12540

METH LAW OFFICES, P.C.
*Counsel to Defendant*
P.O. Box 560
Chester, NY 10918
By:   Michael D. Meth, Esq.
        Of Counsel

**HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

**INTRODUCTION**

Debtor-Defendant Joseph Wilson ("Debtor") and Sophia Karellas-Wilson

("Sophia") are parties to a divorce proceeding in the Supreme Court of the State of New

York, Orange County ("State Court") captioned *Joseph M. Wilson v. Sophia P. Karellas-*

*Wilson*, Index No. EF005461-2021 ("Divorce Action").  Plaintiff Michelle R. Abramson

("Abramson") is Sophia's attorney in the Divorce Action, and, by order dated September

28, 2023, the State Court ordered the Debtor to pay Abramson $20,000.00 in attorney's

fees ("Fee Order").[1]  In the instant adversary proceeding, Abramson seeks a finding that

the debt owed to her pursuant to the Fee Order is nondischargeable under 11 U.S.C.

§ 523(a)(5) and (15).[2]  The Debtor has now moved for dismissal of the claims under

Federal Civil Rule 12(b)(6) ("Motion to Dismiss"),[3] and Abramson has moved for

summary judgment under Federal Civil Rule 56(a) ("Motion for Summary Judgment").[4]

For the reasons stated, the Debtor's Motion to Dismiss is DENIED, and Abramson's

Motion for Summary Judgment is GRANTED.

---

[1]     A copy of the Fee Order is attached to the Complaint (defined *infra*) as Exhibit A.

[2]     *See Complaint for Declaration that the Debtor's Liability to Michelle R. Abramson is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(5) and (15)*, docketed on Mar. 17, 2025 ("Complaint") (ECF Doc. # 1).  "ECF Doc. # _" refers to documents filed on the electronic docket of this adversary proceeding. "ECF Main Case Doc. # _" refers to documents filed on the electronic docket of the Debtor's Chapter 7 bankruptcy case.

[3]     *See Affirmation in Support of Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6)*, dated May 8, 2025 ("Debtor Brief") (ECF Doc. # 5).

[4]     *See Affirmation in Opposition to Defendant's Motion to Dismiss and in Support of Motion for Default and Summary Judgment*, docketed on June 2, 2025 ("Abramson Brief") (ECF Doc. # 15).

## JURISDICTION

This Court has jurisdiction over the Motion to Dismiss and Motion for Summary

Judgment pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

*Reference* (M-431), dated January 31, 2012 (Preska, C.J.) referring bankruptcy cases

and proceedings to the Bankruptcy Judges of the Southern District of New York.  This is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## BACKGROUND[5]

### A.   The Divorce Action and the Fee Order

The Debtor and Sophia are parties to the Divorce Action in State Court, and

Abramson is counsel of record for Sophia in the Divorce Action.  Sophia moved for an

interim award of attorney's fees pursuant to N.Y. Domestic Relations Law § 237.  By

entry of the Fee Order on September 28, 2023, the State Court granted the motion as

follows:

> In applying these legal [principles] to this matter, it is clear that the
> [Debtor] is the monied spouse as traditionally seen. . . .  The Court has
> considered the application including the retainer agreement and the
> Attorney Abramson's detailed invoice, the conduct of the [Debtor] during
> the proceedings before the undersigned in 2023 and the protracted
> litigation in the instant matter.  In the Court's discretion the [Debtor] is
> directed to pay [Abramson] $20,000 in attorney's fees.  The [Debtor] is
> directed to make payment to [Abramson] on or before October 31, 2023.

(Fee Order at 2.)

The Debtor did not pay the legal fees, and, on November 20, 2024, Sophia filed

an order to show cause for contempt in the Divorce Action for the Debtor's failure to

---

[5]      The material facts are not in dispute.  Abramson included a statement of facts in the Abramson
Brief (*see* Abramson Brief ¶¶ 24-31), and the Debtor did not file a response.  *See* Bankr. S.D.N.Y. R. 7056-
1(d) (providing that the statement of material facts served by the moving party "shall be deemed
admitted" unless "specifically controverted" by the opposing party).

comply with several orders including the Fee Order ("Contempt Motion" or "Contempt Proceeding"). The State Court directed the Debtor to file opposition papers to the Contempt Motion by December 12, 2024.

## B.      The Bankruptcy Case and its Effect on the Contempt Proceeding

On the eve of his deadline to respond to the Contempt Motion, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. (*Chapter 7 Voluntary Petition*, dated Dec. 11, 2024 (ECF Main Case Doc. # 1).) The Debtor then argued in the Divorce Action that the Contempt Proceeding was stayed by the automatic stay set forth in section 362(a) of the Bankruptcy Code. On February 20, 2025, after considering the parties' respective positions on the issue, the State Court ruled from the bench that the Contempt Proceeding was not stayed by the automatic stay.[6] (2/20/25 Hr'g Tr. at 5:2-23.) The State Court gave the Debtor until February 28, 2025 to file an opposition to the Contempt Motion. (*Id.* at 6:6-8.) The February 20, 2025 hearing transcript was so ordered by State Court Justice Kyle C. McGovern on February 24, 2025. (*Id.* at 10:25.)

On February 25, 2025, the Debtor filed a notice of appeal from, *inter alia*, the State Court's ruling that the Contempt Proceeding was not stayed by section 362(a) of the Bankruptcy Code. In connection therewith, the Debtor submitted proposed orders to show cause to the Supreme Court of the State of New York, Appellate Division, Second Department ("Appellate Division") on February 25 and 27, 2025. By orders

---

[6]      A copy of the February 20, 2025 hearing transcript from the Divorce Action is attached to the Complaint as Exhibit B and references to that transcript will be denoted as "2/20/25 Hr'g Tr. at _:_."

dated February 26 and 28, 2025, Associate Justice Valerie Brathwaite Nelson of the

Appellate Division declined to sign the Debtor's proposed orders to show cause.[7]

On February 28, 2025, the Debtor filed a response to the Contempt Motion and

cross-moved for a stay of the Contempt Proceeding.  (Abramson Brief ¶ 29.)  The State

Court denied the Debtor's cross-motion on March 14, 2025 and scheduled an

evidentiary hearing on the Contempt Motion for May 9, 2025.  (*Id*.)

On the eve of the evidentiary hearing, the Debtor filed the instant Motion to

Dismiss in this adversary proceeding.  Based on the filing of the Motion to Dismiss, the

State Court adjourned the Contempt Motion evidentiary hearing.  (*Id*.)

**C.     This Adversary Proceeding and the Instant Motions**

On March 17, 2025, Abramson commenced this adversary proceeding by filing

the Complaint seeking a finding that the amount owed to her pursuant to the Fee Order

was nondischargeable under section 523(a)(5) and (15) of the Bankruptcy Code.  (*See*

*generally* Complaint.)

The Debtor received a Chapter 7 bankruptcy discharge on April 15, 2025

("Discharge Order") (ECF Main Case Doc # 11).  The Discharge Order advised that

"[s]ome debts are not discharged" including, among others, "debts that are domestic

support obligations" and "debts that the bankruptcy court has decided or will decide are

not discharged in this bankruptcy case[.]"  (Discharge Order at 2.)

As stated, the Debtor filed his Motion to Dismiss on May 9, 2025.  He argues that

Abramson's claims should be dismissed because the Discharge Order discharged the

---

[7]     A copy of the Debtor's notice of appeal, affirmation in support of the entry of an order to show
cause, and Justice Nelson's orders declining to sign the proposed orders to show cause are attached as
Exhibit C to the Complaint.

debt arising from the Fee Order (Debtor Brief ¶ 9), the Complaint was not timely filed

(*id.* ¶ 11), and the amounts due under the Fee Order are not domestic support

obligations as defined in the Bankruptcy Code.  (*Id.* ¶ 17.)

The parties appeared for a conference before this Court on May 13, 2025.  Since

the issue presented is an issue of law, Abramson stated that she would move for

summary judgment in the same submission as her objection to the Motion to Dismiss.

Thus, she filed the Abramson Brief on June 2, 2025, which included her opposition to

the Motion to Dismiss as well as her Motion for Summary Judgment.  In her brief,

Abramson cites precedent supporting the conclusion that attorney's fees awarded in a

matrimonial dispute are nondischargeable under sections 523(a)(5) and (15) of the

Bankruptcy Code.  (Abramson Brief at 10-14.)

The Court heard oral argument on July 8, 2025.

## DISCUSSION

### A.    The Debtor's Motion to Dismiss

The standards governing a dismissal motion under Rule 12(b)(6) of the Federal

Rules of Civil Procedure, made applicable hereto under Rule 7012(b) of the Federal

Rules of Bankruptcy Procedure, are well known.  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678.

6

The Debtor's arguments for dismissal of the Complaint are unavailing. First, he argues that the liability owed to Abramson under the Fee Order was discharged by entry of the Discharge Order. (Debtor Brief ¶¶ 6, 8.) But a bankruptcy discharge under section 727 of the Bankruptcy Code "does not discharge an individual debtor from any debt" of the kind listed in section 523(a) of the Bankruptcy Code. 11 U.S.C. § 523(a). Accordingly, the Discharge Order clearly stated that it did not discharge debts that the Court "has decided *or will decide* are not discharged in this bankruptcy case" as well as "debts that are domestic support obligations." (Discharge Order at 2 (emphasis added).) Thus, to the extent the Court finds that the debt owed to Abramson is nondischargeable under section 523(a)(5) or (15), the Discharge Order did not discharge the debt.

Second, the Debtor's argument that the Complaint was untimely filed (Debtor Brief ¶ 11) is meritless. Pursuant to Federal Bankruptcy Rule 4007(b), a complaint challenging the dischargeability of a debt under section 523 of the Bankruptcy Code "may be filed at any time." FED. R. BANKR. P. 4007(b); *Romano v. Romano* (*In re Romano*), 548 B.R. 39, 44-45 (Bankr. S.D.N.Y. 2016). The exceptions to this rule are nondischargeability claims made under 11 U.S.C. § 523(a)(2), (4), or (6), which must be filed within 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a). *See* FED. R. BANKR. P. 4007(c); 11 U.S.C. § 523(c). But the Complaint does not include claims under section 523(a)(2), (4), or (6).[8]

---

[8]   Even if Abramson was subject to the 60-day deadline set forth in Federal Bankruptcy Rule 4007(c), the Complaint would still be timely. The section 341(a) meeting in the Debtor's Chapter 7 bankruptcy case was scheduled for January 16, 2025, and 60 days from that date is March 17, 2025 – the same day that Abramson filed the Complaint. (*See also Notice of Chapter 7 Bankruptcy Case*, dated Dec. 12, 2025 (ECF Main Case Doc. # 4) (providing that the deadline to file a complaint under 11 U.S.C. § 523(a)(2), (4), or (6) is March 17, 2025).)

The Debtor's third argument (Debtor Brief ¶ 17) goes to the crux of the dispute between the parties – whether the debt owed to Abramson is a domestic support obligation and thus nondischargeable.  The Court will address this issue in the section that follows.

## B.      Abramson's Motion for Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable hereto pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The movant bears the burden of establishing that no genuine issue of material fact exists.  *Bustamante v. KIND, LLC*, 100 F.4th 419, 432 (2d Cir. 2024) (quoting *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 108 (2d Cir. 2023)).  "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (quoting *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 94 (2d Cir. 2012)).

The parties here do not dispute the material facts, and the straightforward issue before the Court is whether the debt owed to Abramson pursuant to the Fee Order is nondischargeable under section 523 of the Bankruptcy Code.

Exceptions to discharge under section 523(a) are "narrowly construed" in favor of the debtor.  *Cazenovia College v. Renshaw* (*In re Renshaw*), 222 F.3d 82, 86 (2d Cir. 2000).  Pursuant to section 523(a)(5), a bankruptcy discharge "does not discharge an individual debtor from any debt . . . for a domestic support obligation."  11 U.S.C. §

523(a)(5). A "domestic support obligation" is defined, in pertinent part, as a debt that is "owed to or recoverable by a spouse . . . in the nature of alimony, maintenance, or support . . . of such spouse . . . without regard to whether such debt is expressly so designated . . . [and] established . . . by reason of applicable provisions of . . . an order of a court of record . . . ." 11 U.S.C. § 101(14A).

Federal bankruptcy law, rather than state law, governs whether an obligation is a domestic support obligation. *Kantrowitz, Goldhamer & Graifman, P.C. v. Mason* (*In re Mason*), 545 B.R. 462, 466 (Bankr. S.D.N.Y. 2016) (citation omitted). But "bankruptcy courts may refer to well-established state laws in making that determination." *Campagna Johnson Mady, P.C. v. Kalsi* (*In re Kalsi*), 631 B.R. 369, 372 (Bankr. S.D.N.Y. 2021) (quoting *In re Rogowski*, 462 B.R. 435, 445 (Bankr. E.D.N.Y. 2011)); *accord Pauley v. Spong* (*In re Spong*), 661 F.2d 6, 9 (2d Cir. 1981) ("Congress could not have intended that federal courts were to formulate the bankruptcy law of alimony and support in a vacuum, precluded from all reference to the reasoning of the well-established law of the States.").

The Fee Order awarded attorney's fees to Abramson pursuant to N.Y. Domestic Relations Law § 237. (Fee Order at 2.) This section of New York's domestic relations law authorizes the State Court "to award interim counsel fees as justice requires," *Isaacs v. Isaacs*, 71 A.D.3d 951, 951 (N.Y. App. Div. 2010), and is "designed to redress the economic disparity between the monied spouse and the non-monied spouse." *O'Shea v. O'Shea*, 711 N.E.2d 193, 195 (N.Y. 1999); *see also id.* ("Recognizing that the financial strength of matrimonial litigants is often unequal – working most typically against the wife – the Legislature invested Trial Judges with the discretion to make the more affluent spouse pay for legal expenses of the needier one. The courts are to see to it that

9

the matrimonial scales of justice are not unbalanced by the weight of the wealthier litigant's wallet."). In awarding attorney's fees, the State Court is to exercise its discretion in "appropriate cases, to further the objectives of litigational parity, and to prevent the more affluent spouse from wearing down or financially punishing the opposition by recalcitrance, or by prolonging the litigation." *Id*. at 197.

Here, the State Court found that it was "clear that the [Debtor] is the monied spouse as traditionally seen." (Fee Order at 2.) The State Court also considered "the conduct of the [Debtor] during the proceedings . . . and the protracted litigation in the instant matter." (*Id*.) In view of the State Court's findings and the legal authority under which it entered the Fee Order, it is clear that the award of attorney's fees to Abramson is in the nature of alimony, maintenance, or support. *See Rogowski*, 462 B.R. at 445-46 (finding that attorney's fees awarded under N.Y. Domestic Relations Law § 237 were in the nature of alimony, maintenance, or support); *see also Spong*, 661 F.2d at 9 ("An award of attorney's fees may be essential to a spouse's ability to sue or defend a matrimonial action and thus a necessary under the law. Accordingly, most States treat counsel fees as being within the definition of alimony, maintenance, and support."); *accord Kalsi*, 631 B.R. at 371 ("It is well-settled that attorneys' fees awarded to a spouse in connection with a divorce proceeding are domestic support obligations within the meaning of section 101(14A), which are non-dischargeable under section 523(a)(5)[.]").

The Debtor asserts that the attorney's fees awarded here cannot be a domestic support obligation because the fees are owed directly to Abramson rather than Sophia. (Debtor Brief ¶ 17.) However, Second Circuit precedent "clearly establishes that debts in the nature of support need not be payable directly to one of the parties listed in § 523(a)(5) in order to be nondischargeable." *Falk & Siemer, LLP v. Maddigan* (*In re*

10

*Maddigan*), 312 F.3d 589, 593 (2d Cir. 2002) (Sotomayor, J) (citing supporting

authorities).  Indeed, courts in this circuit have excepted from discharge comparable

debts for attorney's fees payable directly to the attorney.  *Kalsi*, 631 B.R. at 372 n.2;

*Rogowski*, 462 B.R. at 443-44 (citing supporting authorities).  "[I]t would be exalting

form over substance" to find that the debt owed to Abramson was not excepted from

discharge simply because it is payable directly to her rather than her client.  *Spong*, 661

F.2d at 11.

## CONCLUSION

For the reasons stated, the Debtor's Motion to Dismiss is DENIED, and

Abramson's Motion for Summary Judgment is GRANTED.  The Court concludes that

the debt owed to Abramson pursuant to the Fee Order is a debt for a domestic support

obligation within the meaning of 11 U.S.C. § 523(a)(5) and is therefore excepted from

discharge.  Because the Court concludes that the debt is nondischargeable under section

523(a)(5), it need not determine whether the debt is also nondischargeable under

section 523(a)(15).  Any arguments raised by the parties that are not specifically

addressed herein have been considered by the Court and rejected or rendered moot by

the Court's ruling.  Abramson shall submit a proposed order consistent with this

Memorandum Decision via the Court's eOrders system.



**Dated: July 8, 2025**
**Poughkeepsie, New York**

/s/ **Kyu Y. Paek**
_____
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**